Timothy R. Treffinger, Esq.
Nevada Bar No.: 12877
AMERICAN FREEDOM GROUP
800 N. Rainbow Blvd, Suite 208
Las Vegas, NV 89107
Phone | 702-333-5594
AttorneyTreffinger@gmail.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVE SANSON, AN INDIVIDUAL, <br><br> HEIDI HANUSA, AN INDIVIDUAL <br><br> F.S., A MINOR, <br><br> Plaintiff, <br><br> vs. <br><br> TIKTOK, INC., A CALIFORNIA CORPORATION, <br><br> Defendant | Case No.: 2:25-cv-546 <br><br> **CIVIL COMPLAINT (DIVERSITY JURISDICTION, JURY TRIAL DEMANDED) DEMAND IS EXCESS OF $250,000** |

Plaintiffs, by and through counsel, hereby file this Complaint and allege as follows:

## NATURE OF THE CASE

1. Defendants operate TikTok, one of the world's largest online social media platforms. TikTok collects, stores, and processes vast amounts of data from its users, which includes millions of children under the age of 13.

2. For years, Defendants have knowingly allowed children to create and use TikTok accounts without their parent's knowledge, nor consent, have collected data from these children, have failed to comply with requests to delete accounts and personal information, and exposed children to damaging content that have caused significant emotional distress.

CIVIL COMPLAINT(DIVERSITY JURISDICTION, JURY TRIAL DEMANDED)DEMAND IS EXCESS OF $250,000 - 1

3. The Plaintiffs herein have undergone significant emotional and mental harm, and this case follows.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction, based upon diversity jurisdiction.

5. Venue is proper before the Nevada District Court as the actions and damages incurred herein all occurred within the State of Nevada, Clark County.

## PARTIES

6. Plaintiff Steve Sanson, an individual, is a resident of Clark County, Nevada, and the father of the subject minor Plaintiff, his daughter.

7. Plaintiff Heidi Hanusa, an individual, is a resident of Clark County, Nevada, and the mother of the subject minor Plaintiff, her daughter.

8. Plaintiff, F.S., an individual who is currently a minor, is a resident of Clark County, Nevada, and the daughter of previously listed Plaintiffs.

## DEFENDANTS

9. Defendant TikTok Inc., is a California corporation with its principal place of business at 5800 Bristol Parkway, Suite 100, Culver City, California. 90230. This company transacts or has transacted business in this District and throughout the United States.

10. Defendant, TikTok Pte. Ltd. Is a Singapore company with its principal place of business at 8 Marina View Level 43 Asia Square Tower 1, Singapore, 018960. This company transacts or has transacted business in this District and throughout the United States.

CIVIL COMPLAINT(DIVERSITY JURISDICTION, JURY TRIAL DEMANDED)DEMAND IS EXCESS OF $250,000 - 2

## RELEVANT FACTS

11. Defendants herein are interconnected companies that operate the TikTok social media platform.

12. TikTok Pte. Ltd. Serves as the US distributor of TikTok through the Apple App Store and Google Play Store.

13. Defendants share officers and directors.

14. ByteDance Ltd.'s is the parent company of the other defendants herein.

15. For a period of about eighteen months minor F.S. was able to access the TikTok platform through an app store on her personal device at home, and at school

16. At no point did Steve Sanson, nor Heidi Hanusa, authorize the creation of an account, nor were they notified that their daughter was viewing social media content on the platform.

17. During the course of her use of the platform F.S. was exposed to content relating to self-harm.

18. After being exposed to this content coming up on her feed F.S. was exposed to more and more content, and began actively seeking out this content for consumption.

19. Through videos seen on the TikTok app F.S. was able to learn how to self harm more effectively, and also how to disguise and hide her self-harming behavior from her parents.

20. These videos did not contain any warnings, nor were censored by the Defendants.

21. As a result of the exposure to these videos F.S.'s mental health proceeded to deteriorate to the point where her parents discovered her self harm, and ultimately F.S. was required to spend an extended period in mental health facilities to correct the self-harm behavior.

CIVIL COMPLAINT(DIVERSITY JURISDICTION, JURY TRIAL DEMANDED)DEMAND IS EXCESS OF $250,000 - 3

22. F.S. has suffered significant mental distress, physical harm, and continues to require extensive counseling to battle the mental health issues that were caused by defendants social media platform.

23. Steve Sanson has been forced to endure significant emotional distress related to care, concern, fear, anxiety, and anger related to the mental health issues that his daughter has been forced to endure as a result of defendants conduct.

24. Heidi Hanusa has been forced to endure significant emotional distress related to care, concern, fear, anxiety, and anger related to the mental health issues that her daughter has been forced to endure as a result of defendants conduct.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. The Plaintiffs hereby allege all preceding paragraphs as though fully alleged herein;

26. Defendants, and each of them, owed a duty of due care towards the Plaintiffs herein.

27. Defendants knew or should have known that failure to exercise due care towards their user base would cause Plaintiffs severe emotional distress

28. The Plaintiffs, and each of them, have suffered physical and or mental harm.

29. The physical injury to Plaintiff F.S. was caused by psychological trauma induced by the Defendants, and each of them.

30. All Plaintiffs are actively involved in the trauma, psychological harm, and resulting fallout from the conduct of the Defendants, and each of them.

31. The defendants', and each of them, negligent acts had, at bare minimum, a minor impact on the Plaintiff, causing injury.

CIVIL COMPLAINT(DIVERSITY JURISDICTION, JURY TRIAL DEMANDED)DEMAND IS EXCESS OF $250,000 - 4

32. The Plaintiffs were all within the "zone of danger" and at risk of the physical harm perpetrated by the defendants.

33. The Defendants, and each of them, should have been able to reasonably foresee that their actions would have caused the emotional distress.

34. The conduct complained of herein is the proximate cause of the injuries complained of.

35. Based on the conduct complained of herein the Plaintiffs, and each of them, have been damaged in excess of $250,000, and seek remedy.

36. Because the Plaintiffs have been forced to hire counsel to litigate these issues, the Plaintiffs request attorney's fees and costs.

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. The Plaintiffs hereby re-allege all preceding paragraphs as though fully alleged herein.

38. The conduct of the Defendants, and each of them, falls into the realm of extreme and outrageous conduct.

39. The Defendants, and each of them, owed a duty of care towards the Plaintiffs herein.

40. Defendants knew or should have known that failure to exercise due care towards their user base would case Plaintiffs severe harm.

41. By using algorithms designed to exploit dopamine pathways the Defendants have targeted content, some of which is extremely damaging to the mental health of anyone, but especially children, that has caused significant injury and mental harm in this case.

42. This is intentional conduct done in a malicious manner which sought to exploit the consumers of their platform, and inflict harm, the harm herein is the addiction of children to continue consuming their harmful content.

CIVIL COMPLAINT(DIVERSITY JURISDICTION, JURY TRIAL DEMANDED)DEMAND IS EXCESS OF $250,000 - 5

43. The conduct complained of herein is the promixate cause of the harm complained of herein.

44. This conduct is the cause of severe emotional distress to these Plaintiffs.

45. F.S. has endured significant mental suffering, causing self-harming behavior, extended incarceration in mental health facilities, and ongoing mental trauma and anguish.

46. Steve Sanson and Heidi Hanusa, have both been forced to watch the mental degradation of their beloved daughter, having to watch the results of the self-harm behavior that was taught on this social media platform, and have had to constantly worry that they might lose their child to this self-harm behavior, or that the mental health of their daughter would degrade to the point that the child they knew and love might never be the same as before she consumed this content that was recklessly and wantonly directed towards her.

47. The Plaintiffs, and each of them, have suffered severe humiliation, mental anguish, and/or emotional physical and physical distress, and injuries have been suffered.

48. Based on the conduct complained of herein the Plaintiffs, and each of them, have been damaged in excess of $250,000, and seek remedy.

49. Because the Plaintiffs have been forced to hire counsel to litigate these issues, the Plaintiffs request attorney's fees and costs.

WHEREFORE THE PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

1. That the Court grant the relief requested herein;
2. That the Court sanction defendant's for their reckless and wanton acts with punitive damages to prevent this conduct from occurring in the future, and to protect other similarly situated individuals;
3. For attorney's fees and costs

CIVIL COMPLAINT(DIVERSITY JURISDICTION, JURY TRIAL DEMANDED)DEMAND IS EXCESS OF $250,000 - 6

4. For any other relief that the Court deems just and proper in the premises;

Dated this 25th of March, 2025.

                                            Timothy R. Treffinger, Esq.
                                            Nevada Bar No.: 12877
                                            American Freedom Group
                                            800 N. Rainbow Blvd, 208
                                            Las Vegas, NV 89107
                                            Attorney for Plaintiffs

CIVIL COMPLAINT(DIVERSITY JURISDICTION, JURY TRIAL DEMANDED)DEMAND IS EXCESS OF $250,000 - 7